Action upon a contract of insurance upon a horse. The defendant relied upon the breach of certain conditions in the policy as a defense, *Page 294 
and the plaintiff contended that these conditions had been waived by the defendant. Evidence was introduced supporting the contentions of the parties.
(239) The jury rendered the following verdict:
1. Did Mendenhall, general agent, authorize Winder, agent, to waive the provisions in the policy, as alleged? Answer: "Yes."
2. Did Winder waive the provisions of said policy, as alleged? Answer: "Yes."
3. If so, did the general agent receive the premiums with knowledge of such waiver? Answer: "Yes."
4. After the horse became unwell, did the plaintiff Godfrey act with due diligence? Answer: "Yes."
5. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: "$75, with interest."
Judgment was entered in favor of the plaintiff, and the defendant excepted and appealed.
We are of opinion that the evidence introduced by the plaintiff to show authority in the local agent to waive the provisions in the policy was competent; but if not, the finding upon the third issue is conclusive against the defendant.
It is well settled that the general agent of an insurance company has authority to waive stipulations in a policy (Gwaltney v. Assurance Society,132 N.C. 929; Hardy v. Ins. Co., 154 N.C. 438), and if, as found by the jury, the agent received the premiums from the plaintiff with knowledge that the local agent had waived the stipulation, this would be a waiver by the general agent.
No error.